IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NAWAID ISA, individually and as next Friend of RAYYAN NAWAID ISA, a minor § § § § § Plaintiffs, § § V. § § ACADEMY SPORTS + OUTDOORS § A/K/A ACADEMY, LTD., SPALDING, § FRUIT OF THE LOOM, INC., RUSSELL § BRANDS, LLC, AND AMERICAN § ATHLETIC, INC. § § Defendants. § | CIVIL ACTION NO. 16-2041 |

## DEFENDANTS SPALDING, FRUIT OF THE LOOM, INC., RUSSELL BRANDS, LLC, AND AMERICAN ATHLETIC, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Spalding, Fruit of the Loom, Inc., Russell Brands, LLC, and American Athletic, Inc. ("Defendants") give notice that they remove this action from the 400th Judicial District Court of Fort Bend County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. In support of such removal, Defendants respectfully show the Court as follows:

### I. STATE COURT ACTION

1. On March 18, 2016, Nawaid Isa filed suit in the 400th Judicial District Court of Harris County, Texas, individually and as next of friend of Rayyan Nawaid Isa, a minor (the "State Court Action"). The Original Petition alleges negligence, design defect, and products liability relating to a basketball goal designed and manufactured by Defendants.

2. Defendants were served with a copy of the petition in the State Court Action via the Texas Secretary of State on June 17, 2016. This Notice of Removal is timely filed within thirty days of such service. *See* 28 U.S.C. § 1446(b).

## II. REMOVAL PROCEDURE

3. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1446(a).

4. Pursuant to 28 U.S.C. § 1446(a) and Local Rule LR81, this Notice of Removal is accompanied by the following, which are respectively attached as Exhibits A-E:

   a. The executed process in the State Court Action;

   b. The Original Petition in the State Court Action;

   c. An index of matters being filed;

   d. A list of all counsel of record, including addresses, telephone numbers, and parties represented; and

   e. The docket sheet in the State Court Action.

5. A copy of this Notice of Removal will also be filed in the State Court Action pursuant to 28 U.S.C. § 1446(d).

## III. REMOVAL JURISDICTION

6. Federal courts have removal jurisdiction for diversity cases when the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

   A. **Diversity of Citizenship Exists Between the <u>Properly</u> Joined Parties**

7. Complete diversity of citizenship exists between all properly joined parties to this action.

8. A person is a citizen of the state where that person is domiciled, that is, where the person has established a fixed habitation or abode, intending to remain there permanently or indefinitely. *See Coury v. Prot*, 85 F.3d 244, 248-50 (5th Cir. 1996).

9. Plaintiffs are individuals residing in Fort Bend County, Texas.

10. A corporation is a citizen of both the state where it is incorporated and the state where its principal place of business is located. *See Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

11. Defendant Spalding is a corporation organized under the laws of the State of Delaware. Spalding's principal place of business is located in the State of Kentucky.

12. Defendant Fruit of the Loom, Inc. ("Fruit of the Loom") is a corporation organized under the laws of the State of Delaware. Fruit of the Loom's principal place of business is located in the State of Kentucky.

13. Defendant American Athletic, Inc. ("American Athletic") is a corporation organized under the laws of the State of Delaware. American Athletic's principal place of business is located in the State of Iowa.

14. A limited liability company's citizenship is determined by the citizenship of all of its members. *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014).

15. Defendant Russell Brands, LLC ("Russell Brands") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in the State of Kentucky. Its member, Union Underwear Company, Inc. D/B/A/ Fruit of the Loom is a Delaware corporation with a principal place of business in Kentucky. Thus, Russell Brands is a citizen of Delaware and Kentucky. *See id.*

AUS 536536783v1

16. Plaintiffs allege that Academy Sports + Outdoors A/K/A Academy, Ltd. ("Academy") is a Texas Resident. *See* Plaintiffs' Original Petition, at ¶ 1.2. However, as described in more detail below, Academy was fraudulently joined in this action. Therefore, its citizenship may be disregarded when considering diversity jurisdiction. *See Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 389 (5th Cir. 2000).

17. Complete diversity exists between Plaintiffs and Defendants, the relevant parties to this action. *See* 28 U.S.C. § 1441(b).

### B. Fraudulent Joinder

18. The doctrine of improper or fraudulent joinder permits removal over the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009); *Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, 81 F. Supp. 3d 543, 552 (S.D. Tex. 2015). Citizenship of an improperly or fraudulently joined party is "totally disregarded" in determining the court's subject matter jurisdiction. *Id.*

19. Improper or fraudulent joinder may be established by showing an inability to establish a cause of action against the non-diverse defendant in state court. *Honey Holdings I, Ltd.*, 81 F. Supp. 3d at 552 (S.D. Tex. 2015).

20. Here, Plaintiffs cannot establish a cause of action against Academy, and their claim fails as a matter of Texas law.

21. Plaintiffs only assert one claim against Academy – that it was negligent in the sale of the basketball system in question. *See* Plaintiffs' Original Petition, at ¶ 7.2.

22. Rightfully so, there are no allegations that Academy participated in any way in the design or manufacture of the product.

23. Thus, pursuant to Texas Civil Practice and Remedies Code Section 82.003, Plaintiffs cannot establish a cause of action against Academy, as that section prohibits recovery against a non-manufacturing seller (unless certain facts—none of which were alleged in Plaintiffs' Original Petition—are present).

24. Section 82.003 provides:

(a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:

    (1) that the seller participated in the design of the product;

    (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;

    (3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;

    (4) that:

        (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;

        (B) the warning or instruction was inadequate; and

        (C) the claimant's harm resulted from the inadequacy of the warning or instruction;

    (5) that:

        (A) the seller made an express factual representation about an aspect of the product;

        (B) the representation was incorrect;

        (C) the claimant relied on the representation in obtaining or using the product; and the product or would not have suffered the same degree of harm;

    (6) that:

        (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and

        (B) the claimant's harm resulted from the defect; or

    (7) that the manufacturer of the product is:

>> (A) insolvent; or
>>
>> (B) not subject to the jurisdiction of the court.

Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a).

25. While the language of the statute itself does not specifically mention claims for negligence, Section 82.001 of the Texas Civil Practice and Remedies Code defines a "products liability action" as "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, **negligence**, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." Tex. Civ. Prac. & Rem. Code Ann. § 82.001(2) (emphasis added).

26. Thus, Plaintiffs' negligence claims are governed by Chapter 82.

27. Courts in this district agree: "Because § 82.001 specifically includes strict products liability and negligence causes of action as products liability actions, both causes of action are governed by the provisions set forth in Chapter 82." *Garcia v. Nissan Motor Co., Ltd.*, No. Civ.A. M-05-59, 2006 WL 869944, at *6 (S.D. Tex. Mar. 30, 2006) (holding that the plaintiff's negligence claims against the non-manufacturing seller are precluded by the plain meaning of § 82.003), *citing Alonso v. Maytag Corp.*, No. Civ.A. H–04–4445, 2005 WL 405295, at *3 (N.D. Tex. Feb. 16, 2005); *see also Evans v. Kawaski Motors Corp., USA*, No. Civ.A. H-15-659, 2015 WL 4434073, at *7 (S.D. Tex. July 17, 2015) (holding that the non-manufacturing seller who allegedly "sold the vehicle and was grossly negligent in doing so" was improperly joined in the action because Section 82.003 precluded a finding that the seller was liable to the plaintiff).

28. Because the Original Petition includes only a claim for negligence against Academy and does not allege that Academy was involved in any of the conduct described Section 82.003's exceptions, Academy cannot be held liable for Plaintiffs' injuries.

### C. The Amount in Controversy Requirement is Satisfied

29. The amount in controversy requirement is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.

30. Plaintiffs' Original Petition alleges damages in excess of $200,000. *See* Plaintiffs' Original Petition, at ¶ 8.6. Thus, the amount in controversy in this action exceeds $75,000.[1]

### IV. CONCLUSION

WHEREFORE, Defendants remove this case from the 400th Judicial District Court of Fort Bend County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Dated this 11th day of July, 2016.　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　GREENBERG TRAURIG, LLP
　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Gregory J. Casas*
　　　　　　　　　　　　　　　　　　　　　　　　Gregory J. Casas
　　　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 00787213
　　　　　　　　　　　　　　　　　　　　　　　　S.D. Tex. No. 16836
　　　　　　　　　　　　　　　　　　　　　　　　300 West 6th Street, Suite 2050
　　　　　　　　　　　　　　　　　　　　　　　　Austin, Texas 78701
　　　　　　　　　　　　　　　　　　　　　　　　Email: casasg@gtlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: 512.320.7200
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: 512.320.7210

---

[1] In alleging the amount in controversy for the purposes of removal, Defendants do not concede that the allegations in Plaintiffs' Original Petition are true and correct or that Plaintiffs are entitled to damages.

**Aimee Housinger**
Texas Bar No. 24083203
S.D. Tex. No. 1717243
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Email: housingera@gtlaw.com
Telephone: 713.374.3570
Facsimile: 713.754.6640

***Attorneys for Defendants American Athletic, Inc., Russell Brands, LLC, Spalding, and Fruit of the Loom, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that all parties and counsel of record have been served with a copy of this Notice of Removal via facsimile and email on this July 11, 2016.

*/s/ Gregory Casas*
Gregory Casas