IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAWAID ISA, individually and as next Friend of RAYYAN NAWAID ISA, a Minor | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 4:16-cv-02041 |
| ACADEMY SPORTS + OUTDOORS A/K/A ACADEMY, LTD., SPALDING, FRUIT OF THE LOOM, INC., RUSSELL BRANDS, LLC, AND AMERICAN ATHLETIC, INC. | § § § § § § | |
| Defendants. | § § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW Plaintiffs, NAWAID ISA individually and as next friend of his minor son, RAYYAN NAWAID ISA, and complains of Defendant Russell Brands, LLC, Defendant, and for cause of action would respectfully show the Court:

### I. PARTIES

1.1   Plaintiffs are individuals residing in Fort Bend County, Texas.

1.2   Defendant RUSSEL BRANDS, LLC. is a foreign limited liability company existing under the laws of State of Delaware. Defendant has appeared and answered herein, thus no further service is necessary at this time.

## II. JURISDICTION AND VENUE

2.1     This Court has jurisdiction over this matter pursuant to 28 U.S.C §1332 because of diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000. Venue is proper in the United States District Court Southern District of Texas because the portable basketball system in question was sold in the territory covered by the United States District Court Southern District of Texas and the failure of the portable basketball system and the injuries to RAYYAN NAWAID ISA occurred in the territory covered by the United States District Court Southern District of Texas.

## III. BACKGROUND FACTS

3.1     At all times material hereto, Defendant RUSSELL BRANDS, LLC was and is now engaged in the business of designing, manufacturing, and packaging certain consumer products, including the portable basketball system made the basis of this lawsuit, for sale to and for use by members of the general public. Defendant placed the portable basketball system at issue into the stream of commerce by selling the product to Academy, the retailer from whom Plaintiff purchased the portable basketball system.

3.2     Plaintiff bought the portable basketball system called "Spalding 54 inch Acrylic Portable Basketball System" on June 08th 2015 from Academy Sports and Outdoor located at 2320 Highway 6 HOUSTON,TX 77077 and self-assembled the basketball hoop precisely following the steps illustrated in the manual that came with the system. On February 06th 2016, minor Plaintiff RAYYAN NAWAID ISA was playing under the system on his driveway when, suddenly and without warning, the heavy metal rim fell on his face and severely injured his jaw, front teeth and gums.

3.3     The minor Plaintiff RAYYAN NAWAID ISA sustained serious personal injuries when the heavy "Slam Jam Rim" fell on his face severely and permanently damaging at least 4 of his front teeth and his jaw. Doctors and dentist have tried to save one or all of these teeth by performing surgeries, doing root canals, and placing splints and extra protections on these teeth. Plaintiffs have incurred and continue to incur reasonable and necessary medical expenses currently totaling many thousands of dollars. In reasonable medical probability, Plaintiffs will incur future expenses to treat the injuries sustained in the incident made the basis of this lawsuit. The minor Plaintiff has

also suffered severe physical pain and mental anguish, physical impairment, and disfigurement in the past, and will, in reasonable medical probability, continue to suffer physical pain and mental anguish, physical impairment, and disfigurement in the future.

## IV. NEGLIGENCE AND STRICT PRODUCTS LIABILITY

4.1     Defendant RUSSELL BRANDS, LLC was negligent in the design and marketing of the portable basketball system in question and such negligence and strict products liability was a proximate and/or producing cause of Plaintiffs' injuries and damages.

4.2     Defendant RUSSELL BRANDS, LLC's installation manual which came with the portable basketball system, explains how to attach the heavy metal "Slam Jam Rim" to the backboard. Defendant RUSSELL BRANDS, LLC's design was for a single, spring-loaded nut to be the only fastener to hold the "Slam Jam Rim" in position with the backboard. Unfortunately, this single nut is subject to tremendous pressure from the spring-loading without any protection from self-loosening of the nut with normal and foreseeable use of the "Slam Jam Rim." With normal and foreseeable use of the "Slam Jam Rim" and portable basketball system, the single, spring-loaded nut will and did self-loosen over time to the point that the "Slam Jam Rim" completely fell off without warning.

4.3     Defendant RUSSELL BRANDS, LLC was negligent in designing the portable basketball system in question to use a single, spring loaded nut to secure the "Slam Jam Rim" to the backboard. At the time Defendant RUSSELL BRANDS, LLC introduced the portable basketball system in question into the stream of commerce, there were safer alternative designs that were economically feasible and which were in fact used by other manufacturers, including but not limited to using more than one nut to secure their basketball rims to their backboards. Further, Defendant RUSEELL BRANDS, INC. could have used a different kind of inexpensive washer to prevent its single, spring-loaded nut from self-loosening.

4.4     Defendant RUSSELL BRANDS, LLC's design rendered the product to be unreasonably dangerous and unfit for the purpose for which it was designed, i.e., for use as a portable basketball system for children.

4.5     Further, Defendant RUSSELL BRANDS, LLC was negligent in the marketing of the portable basketball system in question and such negligence and strict products liability was a

proximate and/or producing cause of Plaintiffs' injuries and damages. Even though Defendant RUSSELL BRNDS, LLC knew or should have known that the single, spring-loaded nut was subject to self-loosening with normal and foreseeable use of the product, there is absolutely no warning in the manual or on the product itself to the effect that the rim has a potential of coming down or falling due to self-loosening of the single, spring-loaded nut.

4.6     Plaintiff RAYYAN NAWAID ISA was severely injured while using this product according to the instructions that came with it and in the manner intended and foreseen by Defendant RUSEEL BRANDS, LLC. The product in question was sold to be utilized as a portable basketball system at a residential home. The product is designed to be used in the driveway of a residential home for the purpose of playing basketball and Plaintiff RAYYAN NAWAID ISA was in fact playing basketball at the time this incident occurred on February 6th, 2016.

## PRAYER

*WHEREFORE, PREMISES CONSIDERED*, Plaintiffs request that on final trial, Plaintiffs have judgement against Defendant for the following:

1. Actual damages for reasonable and necessary medical expenses in the past and in the future; physical pain and mental anguish in the past and in the future; physical impairment in the past and in the future; disfigurement in the past and in the future; in a sum within the jurisdictional limits of the Court;
2. Pre-judgment interest as provided by law;
3. Post-judgment interest as provided by law;
4. Costs of court; and
5. Such other and further relief to which Plaintiffs may be justly entitled.
6. Respectfully submitted,

**THE NIELSEN LAW FIRM, P.C.**

*/s/ Eric D. Nielsen*
Eric D. Nielsen
State Bar No: 15021625
Fed Id No: 806
9800 Northwest Freeway, Suite 314
Houston, Texas 77092
Tel: (713) 524-4800
Fax: (888) 587-9443

eric@nielsentriallaw.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record PURSUANT TO Rule 5 of the Federal Rules of Civil Procedure on this 6th day of October 2017.

    Gregory J. Casas
    300 West 6th Street, Suite 2050
    Austin, Texas 78701
    Tel: 512-320-7200
    Fax: 512-320-7210
    Email: casasg@gtlaw.com

*/s/ Eric D. Nielsen*

Eric D. Nielsen